# STATE OF MICHIGAN

# COURT OF APPEALS

RAFAELI, LLC, and ANDRE OHANESSIAN,

       Plaintiffs-Appellants,

v

OAKLAND COUNTY and ANDREW MEISNER,

       Defendants-Appellees.

UNPUBLISHED
October 24, 2017

No. 330696
Oakland Circuit Court
LC No. 2015-147429-CZ

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I concur with my colleagues in concluding that constitutional notice was provided and that plaintiffs lack standing to attack the hearing methodology. I also concur with my colleagues' conclusion that plaintiffs have failed to state a claim in their constitutional challenge to MCL 211.78g. However, I reach that conclusion through a different analysis.

The challenged statute provides that if a property owner fails to cure a tax delinquency within the time provided, the individual's entire interest in the property is forfeited to the county treasurer regardless of the amount of the deficiency and the value of the property. MCL 211.78g. Plaintiffs assert that the statute violates the Fifth Amendment's Takings Clause, and rely in large measure on the United States Supreme Court decision in *US v Lawton*, 110 US 146; 3 S Ct 545; 28 L Ed 100 (1884). In that case, the heir of a person, whose property valued at $1,110 was seized in response to a tax delinquency of $88, which with penalty, interest, and costs had grown to $170.50, sought the difference between the value of the property and the total tax liability. *Id*. at 147. The United States Supreme Court stated, "To withhold the surplus from the owner would be to violate the fifth amendment to the constitution, and deprive him of his property without due process of law or take his property for public use without just compensation." *Id*. at 150.

Plaintiffs' argument fails however because the United States Supreme Court later disavowed the constitutional aspect of *Lawton,* concluding that it was decided solely on statutory grounds. *Nelson v City of New York*, 352 US 103, 110; 77 S Ct 195; 1 L Ed 2d 171 (1956). In *Nelson,* a taxpayer challenged the city's retention of the foreclosure sale proceeds above the amounts owed for the delinquent taxes. *Id*. at 109-110. The Supreme Court rejected the challenge stating, "What the City of New York has done is to foreclose real property for charges four years delinquent and, in the absence of timely action to redeem or to recovery any surplus,

-1-

retain the property or the entire proceeds of its sale. *We hold that nothing in the Federal Constitution prevents this where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings.*" *Id*. at 110 (emphasis added). The ruling of the United States Supreme Court rejecting a constitutional challenge to such statutes appears clear and unequivocal.

My colleagues also affirm the dismissal of plaintiffs' claims, but rather than relying on *Nelson,* conclude, erroneously I believe, that this case is controlled by *Bennis v Michigan*, 516 US 442, 452; 116 S Ct 994; 134 L Ed 2d 68 (1996), which addressed forfeiture of property involved with, or resulting from, criminal activities. By resting solely on *Bennis*, the majority implicitly concludes that all "forfeitures" are equal under the law, whether based upon a criminal enterprise or a property owner's failure to pay $8.41 in taxes. I respectfully disagree, and suggest that the substance and not the nomenclature should control. I think that this case bears little, if any, relation to *Bennis*, and that it is a mistake to conclude that *Bennis* addresses, let alone controls, the issues in this case.[1]

Despite my concurrence, I recognize that plaintiffs' claims call out for relief.[2] Although Rafaeli LLC's federal court suit was dismissed on jurisdictional grounds, Judge Berg recognized the need for some action in his opinion:

> It cannot be denied that the concept of the state confiscating all of the equity of a citizen's property, worth between $24,500 and $70,000, and selling it and keeping the entire proceeds—all to collect $8.41 in property taxes and $277.40 in interest and fees, is a manifest injustice that should find redress under the law. Property taxes must be paid, but for the County Treasurer to reap such an overwhelming windfall by depriving a property owner of his entire interest in the

---

[1] Looking to civil asset forfeiture as a model for enforcement of taxation laws is unsound for other reasons. First, no other area of the law seems to draw as much advocacy for reform. See, e.g., Ford, *Due Process for Cash Civil Forfeitures in Structuring Cases*, 114 Mich L Rev 455 (2015); Kornfeld & De Corso, *Uncivil Forfeitures*, LA Law 39 (2003); O'Brien, *"Caught in the Crossfire": Protecting the Innocent Owner of Real Property*, 65 St John's L Rev 521 (1991). Second, in *Bennis*, the majority simply deferred to "a long and unbroken line of cases," 516 US at 446, over the objections of four dissenting justices, while admitting that the "argument that the Michigan forfeiture statute is unfair because it relieves prosecutors from the burden of separating co-owners who are complicit in the wrongful use of property from innocent co-owners . . . has considerable appeal . . . ." *Id*. at 453. The *Bennis* majority further declined to concern itself with the potential for an asset of great value to be seized over a trivial criminal violation, on the ground that the case before it did not present such an extreme situation. *Id*. at 450-451.

[2] Rafaeli, LLC owed $8.41 in taxes, which with interest amounted to a delinquency of $330 on real property that the city then sold for $24,000. Ohanessian owed approximately $8,000 in taxes, and the city sold the property for $80,000.[2]

property, and gain tens of thousands of dollars more than the tax bill ever was, looks more like an abuse of power than like a local government's reasonable measures to ensure the collection of property taxes. . . . [*Rafaeli, LLC v Wayne Co* unpublished opinion of the United States District Court for the Eastern District of Michigan, issued June 4, 2015 (Docket No. 14-13958), p 3 n 2.]

Similarly, dissenting from the dismissal of a similar case on jurisdictional grounds, Chief Judge Kethledge opined that the pertinent statute is a "gross injustice—both equitably, and from the standpoint of the interests protected by takings law . . . ." *Wayside Church v Van Buren Co*, 847 F3d 812, 823 (CA 6, 2017) (KETHLEDGE, C.J., dissenting).[3]

In light of the United States Supreme Court's decision in *Nelson*, I conclude we must reject plaintiffs' claim despite what appears to be an obvious injustice that requires remedial action. However, until such time as the United States Supreme Court revisits the issue, it is the Legislature, and not this Court, that must take such action.

/s/ Douglas B. Shapiro

---

[3] Plaintiffs also point out that Michigan is one of only eleven states that do not return the surplus value of the property to the taxpayer. However, plaintiffs concede that those states that do require return of the surplus value all do so as a result of legislation, not judicial action.